## E. A. HENLEY v. J. G. TRIMBLE.

**Bills of Exchange—Pleading—Petition—Demurrer.**

In a suit on a promissory note or bill of exchange, and the petition does not aver protest, and notice, either for non acceptance or non payment nor aver any excuse as that the drawer had no funds with, or authority from the drawer to draw upon him, the petition is subject to a general demurrer.

**Bills of Exchange—Setoff and Counter Claim.**

Setoffs and counter-claims between the original parties cannot be adjudged against an asignee as to bills of exchange, which have gone into circulation in the regular course of business, for a valuable consideration.

**Appeal and Error—Defective Pleadings in Court Below.**

However defective a petition may be, after issue joined in the court below, no demurrer having been filed to correct the errors of pleading, it is too late to object for the first time in the Appellate Court, to the defects, especially as no motion was made for a new trial.

APPEAL FROM WOLFE CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

The writings sued on, though styled and treated by both parties as notes, are really foreign bills of exchange, drawn at Cincinnati, Ohio, payable at Mt. Sterling, Kentucky, and which had been assigned to appellee. The petition does not aver protest and notice, either for non-acceptance or non-payment, nor does it aver any excuse, as that the drawer had no funds with or authority from the drawer to draw upon him, and would therefore have been liable to a general demurrer.

But appellant answered setting up defenses by way of set-off and counter-claim and issues thereon formed and submitted to the court and adjudged by it for $1,025.25, with interest from May 19, 1866 in appellee's favor.

There is no bill of exceptions containing the evidence therefore, we must regard the defenses unsustained save so far only as not denied and treating the loaned buggy as not returned and worth the $75 as alleged, still the judgment does not amount to more, nor indeed as much as the court might have adjudged.

Even if it be conceded that under these issues off-sets and counter-claims existing between the original parties could be adjudged against the assignee, which cannot be done as to bills of exchange which have gone into circulation in regular course of business for a valuable consideration, still there is nothing in this case which authorized this court to reverse on this account. But it is insisted that no cause of action appears in the petition and that therefore the judgment should be reversed. However defective the petition might be, because of no sufficient averment as to no funds or authority to draw a claim, especially where no demurrer for either party was put in so as to illicit the judgment of the court below on the pleadings, it is too late to object for the first time in this court, no motion for a new trial being made below.

Judgment affirmed.

*Simpson, Hazelrigg & Winn, for appellant.*

*Elliott, for appellee.*